FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 02, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHERRI C., | No. 2:19-CV-00393-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney Victoria Chhagan represents Sherri C. (Plaintiff); Special Assistant United States Attorney Jeffrey Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on January 13, 2016, alleging disability since January 13, 2016 due to depression, degenerative disc disease, bulging/torn discs, bilateral carpal tunnel syndrome, anxiety, and a left foot injury. Tr. 105-06. The applications were denied initially and upon reconsideration. Tr. 171-79, 181-94.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Administrative Law Judge (ALJ) Eric Basse held a hearing on April 13, 2018, Tr. 54-102, and issued an unfavorable decision on October 18, 2018. Tr. 15-25. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on September 23, 2019. Tr. 1-5. The ALJ's October 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 15, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1972 and was 43 years old as of her alleged onset date. Tr. 24. She has a high school diploma and completed medical assisting school. Tr. 58. She worked as a medical assistant and nursing assistant for 18 years before stopping work due to physical limitations. Tr. 59, 65.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either

disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 18, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: asthma/COPD, degenerative disc disease, carpal tunnel syndrome, toe amputation, major depressive disorder, borderline personality disorder, and

somatoform disorder. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id.*

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work with the following specific limitations:

> The claimant can frequently climb ramps and stairs, kneel, crouch, and crawl; no concentrated exposure to extremes of cold, vibrations, pulmonary irritants, or hazards; no more than moderate exposure to noise levels; the claimant can travel independently and organize her day; the claimant can perform simple, routine tasks and more familiar, detailed tasks, but no highly detailed tasks; the claimant can accept supervision, work with small groups of coworkers, and the general public.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a nursing assistant or medical assistant. Tr. 23.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including the jobs of office helper, maid, mail room clerk, document preparer, addresser, and escort vehicle driver. Tr. 24-25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 25.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by improperly evaluating the opinion of the consultative examiner, Dr. Catherine MacLennan.

## DISCUSSION

### 1.    Dr. MacLennan

Plaintiff alleges the ALJ improperly rejected the opinion of consultative examiner Catherine MacLennan, PhD. ECF No. 16.

Plaintiff attended a consultative psychological exam on September 22, 2016. Tr. 501-08. Dr. MacLennan diagnosed Plaintiff with major depressive disorder, somatic symptom disorder, and borderline personality disorder. Tr. 507. She noted Plaintiff's conditions had a significant impact on how effectively she copes with stress and change, and noted she lacked resilience and flexible thinking and did not see creative solutions to life's problems, resulting in some functional limitations that interfere with full time work. *Id.* The doctor further noted Plaintiff's questionable judgment and impulse control and a lack of insight into her condition and awareness of the effect of her behavior on others. *Id.* However, Dr. MacLennan opined Plaintiff was able to reason, follow and participate in a conversation, and understand and remember what is going on. *Id.*

When an examining physician's opinion is contradicted by another physician, the ALJ may reject the opinion by providing "specific and legitimate reasons," based on substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating their interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ gave this opinion partial weight, finding it was somewhat consistent with the exam findings, but noting that Dr. MacLennan only saw Plaintiff on one occasion and that mental status examinations throughout the record showed mostly normal findings. Tr. 23.

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

Plaintiff argues the ALJ's discussion was impermissibly vague, in that he failed to discuss the doctor's findings in any detail, explain what portions he was rejecting, or explain why the previously discussed evidence was inconsistent with the opinion. ECF No. 16 at 6. Plaintiff further argues that the record documents her mental health difficulties and that the normal mental status exams cited by the ALJ were predominantly from physical exams. *Id.* at 8. Finally, Plaintiff argues the ALJ's emphasis on Dr. MacLennan being a one-time examiner was internally inconsistent with his assignment of greater weight to the state agency doctors who never examined Plaintiff at all. *Id.* at 8. Defendant argues the ALJ legitimately considered the opinion's consistency with the record as a whole and that the normal mental status exam findings throughout the record contradicted Dr. MacLennan's opinion that Plaintiff lacked insight and had problems with her memory and attention. ECF No. 17 at 3-4. Defendant asserts Plaintiff is merely offering reasons for why the evidence could have been weighed differently. *Id.* at 3.

The consistency of an opinion with the record as a whole is a relevant factor for an ALJ to consider. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). The ALJ discussed the record and noted that while mental status exams were not all entirely normal, they largely showed Plaintiff to be fully oriented, with appropriate mood and affect, normal behavior, and normal insight and judgment. Tr. 22. The ALJ's interpretation of the record is supported by substantial evidence. Most mental status exams contain no or few notable symptoms. Tr. 414, 419, 424, 556, 560, 564-65, 577, 585, 590, 803, 871, 876, 883, 893, 899, 915, 969, 973. While Plaintiff did present on occasion with exacerbations of her depression and labile moods, these episodes were brief, and Plaintiff reported improvement following a few counseling sessions and adjustments to her medications. Tr. 397, 548, 946-47, 988-89.

Furthermore, the Court notes that Dr. MacLennan did not offer specific functional limitations. Tr. 507. She commented on Plaintiff's strengths and weaknesses and generally stated that her conditions would interfere with full time work, but did not clarify the extent of that interference. *Id.* The ALJ gave the opinion partial weight and incorporated Dr. MacLennan's findings into the evaluation of the Paragraph B criteria when he assessed the severity of Plaintiff's mental health impairments, and then translated the findings into functional limits in forming the RFC. Tr. 19-20. Plaintiff has not identified any specific limitation the ALJ improperly excluded from the RFC. The ALJ's analysis is supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED December 2, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 7